ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| | | |
|---|---|---|
| ISIDRO BARANDA ALONSO, NATASHA FOURNIER APONTE, SOCIEDAD LEGAL DE BIENES GANANCIALES<br><br>Recurridos<br><br>v.<br><br>IVELISSE ESTRADA RIVERO, SYNERGY LLC, ECOSYSTEMS INC Y OTROS<br><br>FIDES ACQUISITION, LLC<br>Peticionarios | KLCE202500165 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Civil núm.: SJ2018CV08277 (807)<br><br>Sobre: Sentencia Declaratoria, Liquidación de Sociedades Civiles |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Rivera Torres y el Juez Salgado Schwarz.

Sánchez Ramos, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 21 de febrero de 2025.

En una acción que gira en torno a los intereses propietarios sobre ciertas corporaciones, el Tribunal de Primera Instancia ("TPI") concluyó que una de las corporaciones demandadas, al vender un inmueble, había infringido una orden cautelar emitida en el 2021, por lo cual le ordenó consignar el producto de la venta en el tribunal. En el ejercicio de nuestra discreción, declinamos la invitación a intervenir con lo actuado por el TPI.

En septiembre de 2018, el Sr. Isidro Baranda Alonso, la Sa. Natasha Fournier Aponte, y la sociedad de gananciales compuesta por ambos (los "Demandantes"), presentaron la acción de referencia, sobre sentencia declaratoria y participación de sociedad (la "Demanda"), en contra, en lo pertinente, de Synergy LLC ("Synergy"),

---

[1] El recurso fue asignado a este panel por virtud de lo dispuesto en la Orden Administrativa OAJP-2021-086, de 4 de noviembre de 2021, sobre *Normas para la Asignación de Recursos Nuevos Previamente Presentados en el Tribunal de Apelaciones*. Como consecuencia de la referida orden, este recurso, así como todo recurso futuro que surja del caso de referencia, pendiente ante el Tribunal de Primera Instancia, será atendido por los integrantes de este panel, quienes adjudicaron los correspondientes recursos anteriores (KLCE202200940 y KLCE202400724); véase, además, Orden Administrativa OATA-2023-032 de 27 de febrero de 2023.

Ecosystems, Inc. ("Ecosystems"), RM Holding, Inc. ("RM"), Fides Acquisition, LLC ("Fides") y Cien Acres Development, LLC ("Cien Acres"). En lo aquí pertinente, los Demandantes plantearon que tenían "una participación cuando menos de un cincuenta porciento en" Ecosystems, RM, **Fides** y Cien Acres. Página 11 de la Demanda.

Luego de varios trámites, el 28 de enero de 2021, el TPI emitió una Orden que dispone (la "Orden de 2021"; énfasis suplido):

> Desde la presentación del caso **todas las partes** están obligadas a **mantener intacto el capital, los haberes y propiedades de las corporaciones**, por lo que la parte que no cumpla con la obligación y perjudique los bienes será severamente sancionado por este Tribunal.

En julio de 2024, los Demandantes presentaron una *Solicitud de Orden para que se Consigne Producto de Compraventa* (la "Moción"). Expuso que Fides había vendido un inmueble, y que ello era un incumplimiento con lo dispuesto en la Orden de 2021. Solicitó que se ordenase a Fides que consignara el producto de la compraventa del inmueble ($600,000.00).

Fides, junto a Ecosystems y Cien Acres, se opuso a la Moción. Arguyó que la Orden de 2021 "nada tiene que ver" con Fides, porque la misma fue emitida al disponerse sobre una disputa entre los Demandantes y Synergy.

Mediante una Resolución notificada el 4 de octubre (la "Decisión"), el TPI declaró con lugar la Moción y, por tanto, ordenó a Fides consignar, en 20 días, la suma de $600,000.00. Razonó que la Orden de 2021 era "meridianamente clara en cuanto a que la obligación, [de] mantener intacto el capital, los haberes y **las propiedades de las corporaciones**, le aplica a todas las partes, y así surge expresamente del texto de la misma. Fides … era parte del pleito cuando dicha Orden se dictó" (énfasis en original).

El 21 de octubre (lunes), Fides solicitó la reconsideración de la Decisión, lo cual fue denegado por el TPI mediante una Resolución notificada el 17 de enero.

El 18 de febrero (primer día laborable en el Poder Judicial luego del 14 de febrero), Fides presentó el recurso que nos ocupa. Insiste en que la Orden "surgió en el contexto exclusivo de la controversia sobre Synergy". Arguye que el TPI, antes de adjudicar la Moción, debió celebrar una vista, y que los Demandantes no habían demostrado que sus derechos se perjudicaron por la venta del inmueble. También planteó que el TPI debió imponer una fianza a los Demandantes. Disponemos.

El recurso de *certiorari* es el vehículo procesal discrecional utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal de menor jerarquía. *IG Builders et al v. BBVAPR,* 185 DPR 307, 337-338 (2012); *Pueblo v. Díaz de León,* 176 DPR 913, 917 (2009). Véase, además, Artículo 670 del Código de Enjuiciamiento Civil de 1933, 32 LPRA sec. 3491.

Con el fin de que podamos ejercer de forma sabia y prudente nuestra facultad discrecional de entender o no en los méritos de los asuntos que nos son planteados mediante el recurso de *certiorari*, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, señala los criterios que para ello debemos considerar. Éstos son:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento

indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Véase, *IG Builders et al.,* 185 DPR a las págs. 338-339.

Considerada la totalidad del récord, no podemos concluir que estemos ante una decisión claramente errónea o que haya causado un "fracaso de la justicia", de tal modo esté justificada nuestra intervención. Véase Regla 40(A) y 40(G) de nuestro Reglamento, *supra.*

El TPI podía razonablemente concluir que la Orden de 2021 se extendía a Fides y que dicha entidad infringió la misma al vender un inmueble. Ello sobre la base del texto de la Orden, el hecho de que Fides no niega haber sido parte al momento en que se emitió la Orden (o desconocer sobre la misma) y el hecho de que Fides no ha negado haber vendido el inmueble. En estas circunstancias, el TPI tenía la autoridad para imponer una consecuencia por la violación a la Orden de 2021, según advertido en la misma, sin que fuese necesario, ante la inexistencia de controversia en torno a los hechos medulares, la celebración de una vista o la prestación de una fianza. Adviértase que no se trata de la imposición de una medida provisional nueva, sino de un esfuerzo del TPI por hacer valer una anterior medida cautelar.

Por los fundamentos anteriormente expuestos, se deniega la expedición del auto solicitado.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones